UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Unity Healthcare, Inc., et al.,

      Plaintiffs,

v.                                                    Case No. 14-CV-114 (JNE/JJK)
                                                  ORDER

County of Hennepin, et al.,

      Defendants.

      This matter is before the Court on Plaintiffs' objection to Magistrate Judge Jeffrey J. Keyes's March 10, 2015 order denying Plaintiffs' motion for leave to file a third amended complaint because the motion was untimely and Plaintiffs failed to show good cause, as required when modifying a pretrial scheduling order. *See* Fed. R. Civ. P. 16(b)(4). For the reasons stated below, the objection is denied and the order is affirmed.

      An order granting or denying leave to amend is nondispositive, and objections to magistrate judges' nondispositive orders are reviewed under a clearly erroneous or contrary to law standard. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 7.1(b)(4)(A)(i), 72.2(a); *see also Daley v. Marriott Int'l, Inc.*, 415 F. 3d 889, 893 n. 9 (8th Cir. 2005) (referring to a motion to amend as a "nondispositive pretrial motion"). Plaintiffs argue that the Court should depart from this general rule and review de novo the magistrate judge's order because it has a dispositive effect, namely that it would result in the termination of Plaintiffs' claims. Plaintiffs cite no persuasive authority showing that the Court should look behind the nondispositive label of the motion to consider the dispositive effects, if any, in this instance. *See Hofmann v. Enterprise Leasing Co. of Minnesota, LLC*, No. 13-cv-255, 2014 WL 6911113, at *1-2 (D. Minn.

Dec. 8, 2014). Regardless, the magistrate judge's order withstands scrutiny under any standard of review.

Leave to amend must be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, because Plaintiffs' motion was filed on February 11, 2015, after the pretrial scheduling order's October 1, 2014 deadline for amended pleadings, the magistrate judge applied Rule 16(b)'s "good cause" standard for modifying a scheduling order. "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Rahn v. Hawkins,* 464 F.3d 813, 822 (8th Cir. 2006).

Plaintiffs argue that the magistrate judge erred by applying Rule 16(b) instead of 15(a) because the parties had agreed good cause existed when, on January 23, 2015, they jointly moved to suspend the scheduling order's forthcoming deadlines. Based on that motion, the magistrate judge filed a January 26 order suspending "all forthcoming fact and expert discovery, motion, and trial deadlines in the Pretrial Scheduling Order." Plaintiffs argue that they should not have to show good cause twice, once with respect to the January 26 order and again now. However, any good cause shown with respect to the January 26 order concerned only "forthcoming" deadlines, not past deadlines. No party showed good cause for resetting the expired October 1, 2014 deadline for filing amended pleadings, and the Court never found that good cause existed.

With respect to whether good cause exists now, Plaintiffs argue that they diligently pursued a protective order that was not in place until December 4, 2014. It is arguable whether Plaintiffs were diligent. They filed their complaint on January 10, 2014 but did not file their motion for a protective order until September 10, 2014. Regardless, Plaintiffs have failed to show how the absence of a protective order is relevant to their motion. The magistrate judge

explained in his order that Plaintiffs do not "point to any specific allegations in the proposed Third Amended Complaint that they could not have included in their pleadings before the entry of the Protective Order or prior to the expiration of the deadline for amending pleadings in the Scheduling Order." For example, Plaintiffs' second amended complaint identified clients by specific letters. Their proposed third amended complaint identifies additional clients by initials. As the magistrate judge found, "[i]t is unclear how the entry of the Protective Order, which allows a party to designate certain information in this case as 'confidential' and governs the use of information so designated in this proceeding, made it possible for the plaintiffs to use individuals' initials in their proposed Third Amended Complaint that they could not have used earlier in the case." Plaintiffs provided no explanation to the magistrate judge, and they have likewise provided no explanation in their objection. Plaintiffs have also not identified any newfound information or recent law that they could not have included in earlier pleadings.

Finally, Plaintiffs suggest that good cause exists because they seek to clarify the factual allegations that the Court found deficient in its December 2, 2014 order dismissing and narrowing Plaintiffs' claims. However, as the magistrate judge correctly concluded, Plaintiffs' earlier failure to allege sufficient facts does not support a finding of good cause. *See Target Corp. v. LCH Pavement Consultants, LLC*, 960 F. Supp. 2d 999, 1009 (D. Minn. 2013).

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Plaintiffs' objection to the magistrate judge's order [Docket No. 192] is DENIED.
2. The magistrate judge's order of March 10, 2015 [Docket No. 187] is AFFIRMED.

Dated:  April 9, 2015

                                                                  s/Joan N. Ericksen
                                                                  JOAN N. ERICKSEN
                                                                  United States District