UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Unity Healthcare, Inc.,
Dr. Thomas H. Johnson Housing
With Services, Inc., and Beth Balenger,

      Plaintiffs,

v.

County of Hennepin, a government entity incorporated
under the laws of the State of Minnesota,
Hennepin County Human Services and Public Health
Department, Robin Rohr,
John Doe 1 through John Doe 15,
Jane Doe 16 through Jane Doe 30, Meridian Services, Inc.,
Lucy Stewart, individually, People Incorporated, Angela Reid,
individually, Carrie Davies, individually, Axis Healthcare, LLC,
and Mary Blegen, individually,

      Defendants.

Case No. 14-CV-114 (JNE/JJK)
ORDER

      This matter is before the Court on objections to the Magistrate Judge's April 16, 2015 Report and Recommendation. The Report and Recommendation concludes that the motion to dismiss procedures established by Minnesota's anti-SLAPP law, Minn. Stat. §§ 554.01-.05, cannot be applied in federal court because they conflict with Federal Rules of Civil Procedure 12 and 56 and violate the Seventh Amendment. It therefore recommends denying Meridian Services, Inc. and Lucy Stewart's motion to dismiss brought pursuant to the anti-SLAPP law.

      The applicability of state anti-SLAPP laws in federal court has become a commonly litigated issue. *See, e.g., Abbas v. Foreign Policy Grp., L.L.C.,* 783 F.3d 1328, 1333–35 (D.C. Cir. 2015) (holding that the District of Columbia's anti-SLAPP law could not be applied in federal court because it conflicted with Rules 12 and 56); *Godin v. Schencks,* 629 F.3d 79, 88 (1st Cir. 2010) (holding that Maine's anti-SLAPP law did not conflict with Federal Rules 12 and

56); *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972–73 (9th Cir. 1999) (holding that California's anti-SLAPP law did not conflict with Federal Rules 12 and 56). However, the Eighth Circuit has not addressed the issue, and it appears that no federal district court has yet ruled on the applicability of Minnesota's anti-SLAPP law in federal court.

The Court, having conducted a de novo review of the record, finds that Minnesota's anti-SLAPP law is inapplicable in this case because it conflicts with Federal Rule of Civil Procedure 56. Therefore, the Court adopts the recommendation that Defendants' anti-SLAPP motion be denied. The Court expresses no opinion as to whether the anti-SLAPP law conflicts with Rule 12, whether the law is invalid under the Seventh Amendment, or whether Defendants would prevail on their anti-SLAPP motion if the law were applicable.

## BACKGROUND

Plaintiffs filed an eleven-count complaint against several Defendants, including Meridian and Stewart. Meridian and Stewart filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12 and to Minnesota's anti-SLAPP law. In a December 2, 2014 Order, the Court granted in part and denied in part the Rule 12 portion of the motion, finding that Plaintiffs properly stated defamation and tortious interference with existing contracts claims against Meridian and Stewart but dismissing the remaining claims against them. The Court referred the anti-SLAPP portion of the motion to the Magistrate Judge for a Report and Recommendation.

Minnesota's anti-SLAPP law immunizes from liability "[l]awful conduct or speech that is genuinely aimed in whole or in part at procuring favorable government action" unless the speech "constitutes a tort or a violation of a person's constitutional rights." Minn. Stat. § 554.03. After a motion is filed seeking immunity under the anti-SLAPP law, the court must determine whether the party seeking dismissal has made a threshold showing that the underlying "claim materially

relates to an act of the moving party that involves public participation." Minn. Stat. § 554.02, subd. 1. If the moving party has made its threshold showing, the second step is to determine whether "the responding party has produced clear and convincing evidence that the acts of the moving party are not immunized from liability." Minn. Stat. § 554.02, subd. 2(3). The Minnesota Supreme Court has held that the responding party cannot meet its burden through reliance on the allegations but must "produce evidence to defeat an anti-SLAPP motion." *Leiendecker v. Asian Women United of Minnesota*, 848 N.W.2d 224, 233 (Minn. 2014). The responding party bears the burden of proof, production, and persuasion. *Id.* at 231. In addition, the responding party must typically meet these burdens without discovery because, upon the filing of an anti-SLAPP motion, "discovery must be suspended pending the final disposition of the motion," unless the responding party can show "good cause" for "specified and limited discovery." Minn. Stat. § 554.02, subd. 2(1). If the moving party prevails on its anti-SLAPP motion, it is entitled to attorney fees and can petition the court for damages. *Id.* at § 554.04.

The Magistrate Judge recommends denying the anti-SLAPP motion because Minnesota's anti-SLAPP law conflicts with Rules 12 and 56 and violates the Seventh Amendment right to a jury trial. Meridian and Stewart filed a timely objection to the recommendation.

## DISCUSSION

To resolve a conflict between state law and a Federal Rule, a court must first determine whether the Rule is "'sufficiently broad' to cause a 'direct collision' with the state law or, implicitly, to 'control the issue' before the court, thereby leaving no room for the operation of that law." *Burlington N. R. Co. v. Woods*, 480 U.S. 1, 4–5 (1987) (quoting *Walker v. Armco Steel Corp.*, 446 U.S. 740, 749–50, & n.9 (1980)); *see also Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010). If the Rule sufficiently covers the question in

dispute, a court must apply the Rule unless it violates the Rules Enabling Act or the Constitution. *Hanna v. Plumer*, 380 U.S. 460, 470–71 (1965).

Conflicts between the Federal Rules and state anti-SLAPP laws focus, generally speaking, on Rules 12 and 56. *See, e.g., Abbas*, 783 F.3d at 1334. Here, the Rule 12 motions and issues have already been decided. The remaining pre-trial issues before the Court will involve Rule 56, not Rule 12. If Defendants' anti-SLAPP motion were granted, it would interfere with the Court's ability to decide potential Rule 56 issues. Accordingly, the Court focuses on the conflict between Rule 56 and Minnesota's anti-SLAPP law and sets to the side any potential conflict with Rule 12. If Rule 56 is sufficiently broad to directly collide with the anti-SLAPP law, the Court cannot apply the anti-SLAPP law, unless Rule 56 violates the Rules Enabling Act or the Constitution.

Rule 56 collides head-on with Minnesota's anti-SLAPP law for two questions at issue. The first question concerns how much discovery must occur before the Court determines whether to dismiss Plaintiffs' properly pleaded claims before trial. Rule 56 allows a party to move for summary judgment on claims, and a court must grant the motion if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). But, "summary judgment [must] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5 (1986). By contrast, upon the filing of an anti-SLAPP motion under Minnesota's law, "discovery must be suspended pending the final disposition of the motion, including any appeal; provided that the court may, on motion and after a hearing and for good cause shown, order that specified and limited discovery be conducted." Minn. Stat. § 554.02, subd. 2(1).

The restrictive standard for discovery under the anti-SLAPP law is oil to the water of Rule 56's more permissive standard. Rule 56 makes discovery the norm and "ensures that adequate discovery will occur before summary judgment is considered." *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) (quoting *Rogers v. Home Shopping Network, Inc.*, 57 F. Supp. 2d 973, 982 (C.D. Cal. 1999)). The anti-SLAPP law makes discovery the exception and forces a "court to test the plaintiff's evidence before the plaintiff has completed discovery." *Id.* (quoting *Rogers*, 57 F. Supp. 2d at 980). While the anti-SLAPP law permits further discovery upon a showing of good cause, Rule 56 does not place that hurdle in the path of a party seeking to obtain information to avoid pre-trial dismissal of its properly pleaded claims. Because the limited discovery mandated in Minn. Stat. § 554.02 collides with Rule 56, the Court cannot apply the state law's discovery rules.

In this matter, the parties have not had the opportunity to complete discovery. Under Rule 56, it is too soon for the Court to test the sufficiency of Plaintiffs' evidence in support of their properly pleaded claims.

The second question concerns the standard the Court should apply to determine whether Plaintiffs' properly pleaded claims are supported by evidence sufficient to survive pre-trial dismissal. Rule 56 and the anti-SLAPP law both speak to this issue, but not with one voice. Under Rule 56, a plaintiff's well-pleaded claims survive a defendant's motion for summary judgment if the plaintiff can point to evidence showing a genuine issue of material fact. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. Moreover, all inferences must be drawn in favor of the nonmoving party. *Id.* at 255.

By contrast, the anti-SLAPP law requires a court to determine whether the nonmoving party has "produced clear and convincing evidence that the acts of the moving party are not immune from liability." Minn. Stat. § 554.02, subd. 2(3). Inferences are not drawn in favor of the nonmoving party. Rather, the nonmoving party bears the burden of production, proof, and persuasion. *Leiendecker*, 848 N.W.2d at 231. If the Court finds that the nonmoving party has failed to meet its burden, then the Court must dismiss the party's claims. The Minnesota Supreme Court has described the difference between Minnesota's anti-SLAPP and summary judgment standards this way:

> Under the anti-SLAPP statutes, therefore, the court is *required* to dismiss the claim, even in the face of genuine issues of material fact, if the responding party has failed to carry its burden of persuasion that the moving party is not immune by clear and convincing evidence. Under a summary-judgment standard, by contrast, genuine issues of material fact *preclude* summary judgment. Thus, the two standards, which operate differently when genuine issues of material fact exist, are incompatible with one another. *Id.* (emphasis in original).

Minnesota's anti-SLAPP law turns judges into pre-trial factfinders who must decide factual disputes by assessing credibility and weighing evidence, and they must do so without drawing inferences in favor of the nonmoving party. This standard is anathema to the standard under Rule 56. *Cf. Abbas*, 783 F.3d at 1334 ("In short, unlike the D.C. Anti-SLAPP Act, the Federal Rules do not require a plaintiff to show a likelihood of success on the merits in order to avoid pre-trial dismissal.").

Meridian and Stewart raise several unavailing arguments with respect to whether Rule 56 and Minnesota's anti-SLAPP law conflict. First, they argue that any conflict between Rule 56 and the anti-SLAPP law here is hypothetical because Plaintiffs' evidence is insufficient to support their tort claims under either the anti-SLAPP or the Rule 56 standard. If Meridian and

Stewart are correct, then they should file a motion for summary judgment once discovery is complete and allow the Court to assess the evidence in the time and manner set forth in Rule 56.

Second, they argue that the anti-SLAPP law serves a distinct function—providing immunity for conduct aimed at procuring favorable government action—and thus answers different questions than do the Federal Rules. The fact that the anti-SLAPP law serves a different, narrower function than Rule 56 does not save it from colliding with Rule 56 when both purport to instruct the Court how to handle the pre-trial issues remaining in the case.

Third, Meridian and Stewart argue that Rules 12 and 56 are not the exclusive means to dispose of unmeritorious claims and that Congress did not intend for Rules 12 and 56 to preclude other rules for dismissing actions. However, Congress, not Minnesota, has the power to create exceptions to the Federal Rules in federal court. *See Shady Grove*, 559 U.S. at 400. When states enact exceptions that directly collide with valid Federal Rules, federal courts cannot apply those exceptions.

Fourth, Meridian and Stewart argue that the anti-SLAPP law is substantive and thus cannot be supplanted by federal procedural rules. However, "if a matter is covered by a Federal Rule the federal courts must apply the Rule without regard to whether the matter might arguably be labeled as substantive or procedural." *In re Baycol Products Litig.*, 616 F.3d 778, 786 (8th Cir. 2010) (quotation marks omitted). "[T]he full-blown *Erie* analysis—first determining whether a matter is substantive or procedural and then applying state law on substantive matters—does not apply if the matter in question is covered by a Federal Rule of Civil Procedure." *Hiatt v. Mazda Motor Corp.*, 75 F.3d 1252, 1258 (8th Cir. 1996). "[F]ederal courts should look beyond the terms of an applicable Federal Rule only if there is some question

whether the scope of the Federal Rule in fact is sufficiently broad to control the issue before the Court." *Id.* (quotation marks omitted).

Because Rule 56 and Minnesota's anti-SLAPP law cannot be brought into harmony, the Court cannot apply the anti-SLAPP law, unless Rule 56 violates the Rules Enabling Act or the Constitution. The Supreme Court has never held that a Federal Rule was invalid under the Rules Enabling Act. Defendants concede that Rule 56 is valid and constitutional. Accordingly, the Court cannot apply the state anti-SLAPP law, and Defendants' motion pursuant to the state law must be denied.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendants Meridian and Stewart's motion to dismiss brought pursuant to Minnesota's anti-SLAPP law [Docket No. 125] is denied.

2. The Court adopts the Report and Recommendation's [Docket No. 198] conclusion that the anti-SLAPP motion should be denied.

Dated: June 25, 2015

s/ Joan N. Ericksen
_____

JOAN N. ERICKSEN
United States District Judge